IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TAMERA RENEE ARNOLD                                                                                         PLAINTIFF

v.                                            Case No. 6:23-cv-6071

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION                                                                                              DEFENDANT

## ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 17. Judge Bryant recommends that the Court affirm the Administrative Law Judge's ("ALJ") denial of Plaintiff Tamera Renee Arnold's application for social security disability benefits. Plaintiff filed a timely objection. ECF No. 18. The Court finds the matter ripe for consideration.

## I. BACKGROUND

On November 28, 2018, Plaintiff filed her initial application for disability benefits with the Social Security Administration ("SSA"). Plaintiff alleged that a myriad of conditions rendered her disabled, including ruptured and bulging discs in her neck and lower back, sciatica, plantar fasciitis, arthritis, and depression. Plaintiff asserts November 26, 2018, as the onset of her disabled status. The SSA denied Plaintiff's application, both initially and upon reconsideration.

Plaintiff appealed the denial of her application. After an administrative hearing, the ALJ denied Plaintiff's application. The ALJ found that Plaintiff was not disabled from her alleged onset date through December 16, 2019, the date of the ALJ's decision. Plaintiff requested review from the SSA Appeals Counsel, which issued a notice on September 1, 2020, stating that it declined to review the ALJ's denial of her application. On September 16, 2020, Plaintiff submitted a separate application for disability benefits with a State agency.

On October 26, 2020, Plaintiff filed a complaint in this Court challenging the ALJ's denial of her first application for disability benefits.[1] The Court reversed the ALJ's decision and remanded Plaintiff's case to the ALJ for further consideration pursuant to 42 U.S.C. § 405(g).[2] Upon remand, the SSA Appeals Council issued an Order on June 23, 2022, which noted that Plaintiff's second application for disability benefits with the State Agency was granted and that Plaintiff was found to be disabled beginning on December 20, 2019. The Appeals Council affirmed the State agency determination and remanded Plaintiff's case to the ALJ to further evaluate Plaintiff's disabled status from her initial alleged onset date of November 26, 2018, through December 20, 2019.

On January 31, 2023, the ALJ held a supplemental hearing to evaluate Plaintiff's disability status prior to December 20, 2019. Plaintiff and Vocational Expert ("VE") Wilfred Roux testified at this hearing. On February 17, 2023, the ALJ entered a decision finding that Plaintiff was not disabled from her alleged onset date through November 20, 2019. On June 12, 2023, Plaintiff filed her Complaint in this Court against the Commissioner of the Social Security Administration ("Commissioner"), appealing the ALJ's most recent denial of her application for disability benefits. ECF No. 1. The official transcript of the proceedings has been filed. ECF No. 9 (hereinafter "Trans.").[3] The parties subsequently filed their appeal briefs. ECF Nos. 13 & 15. On May 16, 2024, Judge Bryant issued the instant R&R recommending the ALJ's decision be affirmed. Plaintiff then filed a timely objection. ECF No. 18.

---

[1] *Tamera Renee Arnold v. Kijakazi*, Case No. 6:20-cv-6123-SOH, ECF No. 2.
[2] *Tamera Renee Arnold v. Kijakazi*, Case No. 6:20-cv-6123-SOH, ECF No. 25 (adopting a Report and Recommendation issued by United States Magistrate Judge Barry A. Bryant).
[3] When referencing the official transcript, the Court will cite to the internal page number of the transcript and not the ECF page number.

## II. LEGAL STANDARD

**A. Review of Magistrate Judge R&R**

A party may submit written objections to a magistrate judge's findings and recommendations. Fed. R. Civ. P. 72(b)(2). The district court must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *and see* 28 U.S.C. § 636(b)(1). Objections must be specific to trigger a de novo review, and the lack of specific objections permits a court to only review the recommendations for clear error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). Plaintiff's objections are sufficiently specific to require a de novo review of Judge Bryant's R&R.

**B. Review of ALJ Decision**

A court must affirm an ALJ decision "if the ALJ made no legal error and the ALJ's decision is supported by substantial evidence on the record as a whole." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (internal quotation omitted). "Substantial evidence means 'less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (internal quotation omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quotation omitted). A court will only rebuke the ALJ's decision if it "falls outside the available zone of choice." *Austin*, 52 F.4th at 728 (internal quotation omitted). "An ALJ's decision is 'not outside the zone of choice' simply because [a court] 'might have reached a different conclusion had we been the initial finder of fact.'" *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (internal quotation omitted). If the evidence permits drawing two inconsistent conclusions, one of which is the ALJ's ultimate finding, then the reviewing court must affirm. *See Scott v. Berryhill*, 855 F.3d 853, 856 (8th Cir. 2017) (citation omitted).

## III. DISCUSSION

The Court will first outline the general process of making disability determinations, with more elaboration on the stages of the process currently in dispute. The Court will then summarize the ALJ's findings that Plaintiff contests before analyzing the parties' arguments and Judge Bryant's R&R.

### A. Disability Determinations

An individual is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *and see* 42 U.S.C § 1382c(a)(3)(A). Determining whether an individual is disabled and eligible for disability benefits requires engaging in the five-step analysis described in 20 CFR § 404.1520(a)(4).

At Step One, the ALJ considers the individual's work activity and if they are currently engaged in substantial gainful activity. 20 CFR § 404.1520(a)(4)(i). If the individual is currently working or engaging in substantial gainful activity, they are not disabled regardless of their medical condition. *Id*.; 20 CFR § 404.1520(b).

At Step Two, the ALJ considers the medical severity of any physical or mental impairments, as well as their duration. 20 CFR § 404.1520(a)(4)(ii). If the individual's impairments do not significantly limit their ability to do basic work activities, then they are not disabled. 20 CFR § 404.1520(c). In assessing the severity of any impairment from mental disorders, the four broad areas of mental functioning found in 20 CFR, Part 404, Subpart P, Appendix 1 must be evaluated. The four functional areas are: 1) understanding, remembering, or applying information, 2) interacting with others, 3) concentrating, persisting, or maintaining pace,

and 4) adapting or managing oneself. 20 CFR, Part 404, Subpart P, Appendix 1, 112.00(A)(2)(b); *and see* 20 CFR § 404.1520a(c)(3)-(4). The degree of limitation in those four functional areas is assessed on a five-point scale, which includes "[n]one, mild, moderate, marked, and extreme." 20 CFR § 404.1520a(c)(4).

At Step Three, the ALJ considers the medical severity of the individual's impairments and whether the impairments meet or equal one of the listings in 20 CFR Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 CFR § 404.1520(a)(4)(iii). If the impairments meet or equal a listing in Appendix 1 and meet the duration requirement, the individual is disabled. 20 CFR § 404.1520(d). If the impairment does not meet or equal a listing in Appendix 1, the ALJ proceeds to Step Four. 20 CFR § 404.1520(e).

At Step Four, the ALJ will assess the individual's "residual functional capacity" ("RFC") and their past relevant work. 20 CFR § 404.1520(a)(4)(iv). An individual's RFC is assessed pursuant to 20 CFR § 404.1545. 20 CFR § 404.1520(e). RFC is the most an individual can do despite their physical and mental limitations. 20 CFR § 404.1545(a)(1); *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011). An RFC determination is based "on all relevant evidence," which includes medical records, personal observations from treating physicians and others, and an individual's own evaluation of their capacity. 20 CFR § 404.1545(a)(3); *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). If the individual's RFC shows that they are able to do their past relevant work, then the individual is not disabled. 20 CFR §§ 404.1520(e)-(f).

At Step Five, an ALJ considers an individual's RFC and their age, education, and experience to determine if that individual can "make an adjustment to other work." 20 CFR § 404.1520(a)(4)(v). If the individual can make an adjustment to other work, the individual is not

disabled; if the individual cannot make an adjustment to other work, they are disabled. 20 CFR § 404.1520(g)(1).

### B. Relevant ALJ Determinations

Plaintiff's objections focus on the ALJ's findings at Steps Two and Four of the disability evaluation process. The Court will briefly summarize the relevant findings of the ALJ below.

At Step One, the ALJ determined that Plaintiff did not engage in substantial gainful activity from her alleged onset date through December 20, 2019. Trans. at 1084-85. Proceedings to Step Two, the ALJ determined that Plaintiff had the following severe physical impairments: cervical degenerative disc disease, headaches, asthma, bronchitis, obesity, history of shoulder discomfort, history of plantar fasciitis, and history of carpal tunnel syndrome. Trans. at 1085. These impairments "significantly limit the ability to perform basic work activities[.] Trans. at 1085. The ALJ then assessed any limitations resulting from Plaintiff's history of depression, finding that it "does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere." Trans. at 1086. Elaborating on his assessment of the four areas of mental functioning, the ALJ determined that the evidence indicated that Plaintiff had no limitation in interacting with others. Trans at 1086. For the three remaining areas of mental functioning, the ALJ determined that the evidence was "indicative of an individual who retains generally intact functioning and support[s] no more than mild limitations." Trans at 1086.

Proceeding to Step Three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. Trans. 1087-89. Proceeding to Step Four, the ALJ ultimately formulated Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined

>in 20 CFR 404.1567(a) except the claimant can occasionally stoop, crouch, bend, kneel, and crawl. The claimant is limited to occasional overhead reaching and frequent fingering and handling. She can tolerate occasionally exposure to dust, smoke, fumes, and other pulmonary irritants. The claimant will be unable to tolerate work around heavy hand tools such as repetitive machinery such as jack hammers, drills, and band saws.

Trans. at 1089. The ALJ subsequently outlined the rationale and evidence in the record underlying that formulation. Trans. at 1089-1094. The ALJ then determined that Plaintiff's RFC meant that she could perform her past relevant work as an "eligibility worker" and thus Plaintiff was not disabled during the relevant timeframe. Trans. at 1094-95.

### B. Consideration of Mental Limitations in RFC

Plaintiff argues that the ALJ fundamentally erred in failing to include mental limitations in formulating the RFC and failing to consider those limitations in determining if she could perform past relevant work. ECF No. 13, p. 18-23. Plaintiff emphasizes that the ALJ determined that she had "mild limitations" in three areas of mental functioning but did not include those limitations within the RFC. Plaintiff contends that such limitations, even if mild, must be included in the RFC because they might combine with more severe impairments to preclude the ability to perform past relevant work. Plaintiff further contends that such consideration is required by Social Security Ruling ("SSR") 96-8p, which states that mental limitations found in Step 2 of the process require a "more detailed assessment" as Step Four. SSR 96-8p, 1996 WL 374184, at *4. Without a proper discussion or inclusion of mental limitations in formulating the RFC, Plaintiff argues that the ALJ did not properly develop the record or provide sufficient basis for his decision. Moreover, Plaintiff asserts that failing to include mental limitations in the RFC also pollutes the weight of the VE's opinions because any hypothetical questions regarding Plaintiff's ability to perform work were based on incomplete information.

In response, the Commissioner argues that the ALJ properly evaluated Plaintiff's mental limitations in formulating her RFC. ECF No. 15, p. 3-7. The Commissioner states that the ALJ's formulation of Plaintiff's RFC at Step Four is fully understood and supported in the greater context of the decision. Citing *Chismarich v. Berryhill*, 888 F.3d 978 (8th Cir. 2018), the Commissioner contends that the ALJ's finding of mild mental limitations at Step Two can be "harmonized" with the Step Four discussion of Plaintiff's demonstrated mental functioning and the corresponding absence of any functional mental limitations included in the RFC. Noting the deference that must be given to the ALJ's determination, the Commissioner concludes that the ALJ's RFC determination was sufficiently supported by the record and must be affirmed. In reply, Plaintiff argues that the Commissioner admits that the ALJ failed to include all limitations in Plaintiff's RFC formulation as required. ECF No. 16, p. 1-4. Plaintiff then asserts that the Commissioner's citation to *Chismarich* does not support its argument because the ALJ decision challenged in that case included mental limitations in the RFC after finding limitations at Step Two. Plaintiff asserts that there is no such harmony or consistency within the ALJ's denial of her application.

Judge Bryant recommends finding that the ALJ appropriately considered Plaintiff's mild impairments found in Step Two while formulating the RFC at Step Four. ECF No. 17, p. 5-6. Judge Bryant first notes that the ALJ does discuss Plaintiff's reported mental limitation when explaining the RFC formulation. Judge Byrant further notes that the ALJ also explains why other evidence made Plaintiff's self-reported limitations less credible and insufficient to require including them in the RFC. Plaintiff's objection to the R&R reiterates her prior arguments that the ALJ's RFC formulation improperly excluded the mild mental limitations that were acknowledged at Step Two. ECF No. 18, p. 1-4. Plaintiff contends that the finding of mild

8

limitations in three areas of mental functioning is irreconcilable with an RFC that did not recognize any mental limitations in Plaintiff's ability to perform work.

The Court finds that there is no fatal inconsistency or error regarding the absence of mental limitations within Plaintiff's RFC. Though less than ideal in its clarity, the whole of the ALJ's decision allows for a reading that is not inherently contradictory. *See Chismarich*, 888 F.3d at 989-90 ("[O]ur deferential standard of review precludes us from labeling findings as inconsistent if they can be harmonized."); *and see Owen v. Astrue*, 551 F.3d 792, 801 (8th Cir. 2008) (stating that poor opinion writing does not invalidate an otherwise supportable decision).

At Step Two, the ALJ acknowledged that Plaintiff had a medically determinable mental impairment from depression. Trans. at 1085-1087. The ALJ's evaluation of any limitations caused by Plaintiff's depression, which is based entirely off Plaintiff's self-reported issues to the ALJ or to medical providers,[4] found that the record supports "no more than mild limitations" for the three relevant functional areas. Trans. at 1086. When formulating Plaintiff's RFC at Step Four, the ALJ discussed Plaintiff's reported mental limitations at some length. Trans. at 1089-90. However, the ALJ determined that other evidence in the record of Plaintiff's daily activities precluded finding that any mental limitations were significant enough to interfere with her ability to perform work, stating that "[w]hile the claimant does experience some limitations as a result of her impairments, the record evidence fails to indicate that her limitations are totally work preclusive, *or greater than provided in the residual functional capacity adopted*." Trans. at 1090 (emphasis added). With an eye toward harmony, the Court finds that the ALJ determined that the mild limitations from Step Two were contradicted by other evidence in the record to such a degree than the RFC formulation at Step Four did not require the inclusion of any mental limitations. Further, any hypothetical

---

[4] Two physician consultants examined and questioned Plaintiff regarding her application. Trans. at 78-84, 92-99.

9

questions the ALJ posed to the VE were not fundamentally flawed because the ALJ did not need to include impairments that the record indicated posed no limitations on Plaintiff's functional abilities. *See Owen*, 551 F.3d at 801-02. Accordingly, the Court finds that the ALJ did not commit reversable error by declining to include any mental limitations in formulating Plaintiff's RFC.

### B. Substantial Evidence Supporting RFC

Plaintiff also argues that the ALJ's RFC formulation is not supported by substantial evidence. ECF No. 13, p. 23-32. Plaintiff emphasizes that a significant portion of the medical records relied upon from the ALJ were from visits prior to the alleged onset date of disability and that the medical records from the applicable period contradict the ALJ's assessment of her functional abilities. Plaintiff disputes that her treatments for spinal issues can be considered conservative because they involved significant efforts in pain management, which included physical therapy, prescription medication, and injections. Plaintiff also contends that the ALJ placed too much weight on Plaintiff's mere ability to perform some daily living activities without also acknowledging how limited they were in scope and intensity. Plaintiff concludes that viewing the record as a whole demonstrates that the ALJ's decision is contradicted by the overall weight of the evidence and must be reversed and remanded for reconsideration.

In response, the Commissioner argues that there is sufficient evidence in the record to support the ALJ's determination that Plaintiff could still perform sedentary work with some modifications and restrictions. ECF No. 15, p. 8-14. The Commissioner first notes that the ALJ did cite medical examinations from the alleged disability period in assessing Plaintiff's RFC. The Commissioner also emphasizes that medical records and Plaintiff's self-reports demonstrate that her neck movement and upper extremity strength, while limited in varying severity, did not completely preclude sedentary work. The Commissioner then notes that medical records also

show that her walking gait was often normal and unassisted, that she was satisfied with her current pain management treatments, and that treating physicians consistently recommended a continuation of conservative treatments. Lastly, the Commissioner points to Plaintiff's self-reports regarding daily activities for the time period at issue as providing further support for the ALJ's decision. The Commissioner notes that these activities included some household chores, driving, grocery shopping alone, and caring for a household pet, which indicates that Plaintiff could perform the limited sedentary work detailed in the RFC. In reply, Plaintiff argues that the evidence noted by the Commissioner does not validate the ALJ's decision when compared to the contradictory evidence in the record. ECF No. 16, p. 4-7. Plaintiff also disputes that Plaintiff's treatments can be legitimately viewed as conservative in the context of her prior neck surgery and ongoing use of strong pain medications. Plaintiff also asserts that the ALJ failed to acknowledge that her daily activities were limited to such an extent that they cannot support the RFC formulation.

Judge Bryant recommends finding that the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence. ECF No. 17, p. 6-8. Judge Bryant reasons that the medical evidence and Plaintiff's testimony on her personal activities is sufficient to support the sedentary work ability outlined in the RFC. Plaintiff's objection to the R&R argues that the ALJ's consideration of certain evidence supporting the decision does not overcome that the record as a whole undermines the validity of the RFC formulation. ECF No. 18, p. 4-5. Plaintiff also continues to assert that the ALJ erred in evaluating her daily activities by not considering their limited intensity.

The Court finds that the ALJ's Step Four evaluation of Plaintiff's RFC must be affirmed. Though Plaintiff has highlighted substantial evidence supporting her assertion of disability, the

Court's review is not an evaluation of what other conclusions the ALJ could reach or what the Court would have determined.  *See Kraus*, 988 F.3d at 1024; *Scott*, 855 F.3d at 856.  Plaintiff cites medical records that align with her assertion of disability, but they do not overwhelm the medical evidence from the relevant period that indicates her neck and spinal issues[5] and movement issues[6] were not so debilitating that they would preclude the sedentary work outlined in the RFC.  Evidence in the record also weighs against Plaintiff's allegations regarding the severity of her pain, as she reported during two medical appointments in the relevant period that her prescriptions for pain management were satisfactory and did not want to make any changes.  Trans. at 784, 910; *and see Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.") (quotation omitted).  The ALJ's evaluation is further supported by Plaintiff's self-reported ability to perform various tasks alone during this period, such as grocery shop, drive, attend church, perform some household chores, and care for herself and a household pet.  Trans. at 213-16, 1132-34.  While Plaintiff argues that the ALJ did not acknowledge the limitations she experienced in performing those tasks, those limitations are roughly consistent with the RFC's significantly limited assessment of Plaintiff's function.  Accordingly, evaluating the record as a whole, the ALJ's decision regarding Plaintiff's RFC and corresponding denial of Plaintiff's application for disability benefits must affirmed.

---

[5] A February 2019 examination notes that Plaintiff was "[n]egative for back pain."  Trans. at 820.  A March 2019 examination notes that Plaintiff was negative for any back, neck, or joint pain.  Trans. at 832-33.  A May 2019 examination notes neck pain but only slight deficits in upper extremity strength.  Trans. at 923.  A June 2019 examination noted that Plaintiff had stable posture and only slight deficits in upper extremity strength.  Trans. at 1023-24.  An August 2019 examination notes that Plaintiff's neck movement was limited, but that Plaintiff did not have notable loss of strength in her upper extremities.  Trans. at 909.  That August 2019 examination also notes that an MRI did not show a pathology that would correlate with Plaintiff's symptoms, and that Plaintiff should continue her pain management regime and consider physical therapy.  Trans. at 909-10.

[6] A March 2019 examination noted that Plaintiff had an "awkward and limping gait" but that she could walk unassisted.  Trans. at 1055, 1056.  A June 2019 (Trans. at 1024) examination noted that Plaintiff's walking gait was "wnl", which is a medical abbreviation for "within normal limits."  RxLIST, *Definition of WNL*, https://www.rxlist.com/wnl/definition.htm (last visited September 26, 2024).  A July 2019 examination noted that Plaintiff had a steady gait without the use of an assistive device.  Trans. at 1001.  Two August 2019 examinations noted that Plaintiff had a normal walking gait.  Trans at 909, 967.

## IV. CONCLUSION

Upon de novo review and for the reasons stated above, the Court hereby adopts Judge Bryant's R&R (ECF No. 17) *in toto*. The ALJ's denial of Plaintiff's application for social security disability benefits is hereby **AFFIRMED**.

**IT IS SO ORDERED**, this 27th day of September, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge